IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAULA HARBISON, VALERIE SANTOSUOSSO, and CHARLEY WHISENHUNT, On Behalf of THEMSELVES and All Others Similarly Situated, | COLLECTIVE ACTION |
| | CASE NO. 3:19-cv-00955 |
| *Plaintiffs*, | JUDGE CAMPBELL |
| v. | MAGISTRATE JUDGE FRENSLEY |
| PHILIPS NORTH AMERICA LLC, | JURY DEMAND |
| *Defendant*. | |

## ORDER OF FINAL APPROVAL OF RULE 23 SETTLEMENT, APPROVAL OF PLAINTIFFS' RECOVERY OF ATTORNEYS' FEES, COSTS, AND EXPENSES, AND FINAL JUDGMENT

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and for Approval of Plaintiffs' Fee Award and Recovery of their Expenses and Costs (the "Motion") and the pertinent materials filed with that motion. The Court preliminarily approved the settlement agreement (the "Agreement") that is the subject of this Motion by order entered on July 28, 2020 (the "Preliminary Approval Order"). (Doc. No. 53). A copy of the Agreement has been filed as Exhibit 1 to the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement of Rule 23 Class Action Claims, Rule 23 Certification of Class, Notice of the Settlement, and Setting Final Approval Hearing (Doc. No. 50-1) and is incorporated in this order by reference.

On November 9, 2020, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record. For good

1

cause shown, and as more fully explained below, the Joint Motion is **GRANTED.** The Court **ORDERS** as follows:

**1. Final Certification of the Rule 23 Class.** The Court finds that the proposed Rule 23 Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Rule 23 Class consisting of the following:

> All current and former collections employees of Defendant, including but not limited to Collections Specialists, Junior Collections Specialists, Senior Collections Specialists, and Accounts Receivable Specialists, who worked for Defendant in Massachusetts at any time since January 3, 2017, who were paid on a salaried basis without overtime compensation for hours over forty (40) in a workweek, and did not work in a supervisory or management capacity, and who have not filed claims pursuant to 216(b) of the Fair Labor Standards Act.

**2. Class Representative.** For the purposes of settlement, the Court approves the Named Plaintiff, Valerie Santosuosso, as the Class Representative of this Rule 23 class.

**3. Class Counsel.** For the purposes of settlement, the Court appoints David W. Garrison and Joshua A. Frank of Barrett Johnston Martin & Garrison, LLC as Class Counsel.

**4. Approval of the Agreement.** The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class that was reached by the parties after extensive discovery and intensive arms-length negotiations with the assistance of an experienced mediator. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Rule 23 Class. It achieves a definite and certain result for the benefit of the Rule 23 Class that is preferable to continuing litigation in which the Rule 23 Class would necessarily confront substantial risk, uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Rule 23 Class.

**5. Notice to the Rule 23 Class.** The Court determines that the Notice Materials were given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the Rule 23 Class desiring to object to the settlement with fair and adequate notice of the terms of the proposed settlement and of the Fairness Hearing. The Court finds that the Notice Materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable law.

**6. CAFA Notice.** The Court hereby finds and concludes that the notice provided by Defendant to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

**7. Release of Claims.** As of the date this judgment becomes final, the Class Representative and the Rule 23 Class are forever barred from bringing or presenting any action or proceeding against any Released Parties that involves or asserts any of the Released Claims (as those terms are defined in the Agreement). The Class Representative and the Rule 23 Class are deemed to have released and forever discharged the Released Parties from all Released Claims.

**8. Class Counsel's Attorneys' Fees, Expenses, and Costs.** The Court finds that the payment of $70,000 to Class Counsel for Plaintiffs' fees, expenses, and costs is fair and reasonable, and is hereby approved by the Court.

**9. Dismissal with Prejudice.** All claims in this action are dismissed with prejudice and without costs against Defendant.

**10. Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

**11. Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever.

**12. Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

**13. Use of Agreement and Ancillary Items.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

It is so **ORDERED.**

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE